PER CURIAM.
Petitioner, Joseph Anthony Corrao, seeks a writ of prohibition, claiming that he was not brought to trial within the window period of the speedy trial rule through no fault of his own. See Fla. R.Crim. P. 3.191(p)(3). At Corrao’s arraignment on Tuesday, January 7, 1997, the court agreed that Corrao would be on standby and receive two hour notice for trial later that week. The record indicates that Corrao’s trial was scheduled for Thursday, January 9, 1997, but neither Corrao nor defense counsel was present when the case was called. The trial court apparently made no effort to communicate with counsel concerning the reason for their absence. The trial court then issued a warrant for Corrao’s arrest. On January 14, 1997, after the expiration of the window period, defense counsel filed a motion to recall capias, and on January 21 he filed a motion for discharge, and an affidavit, where he stated under oath that he was never advised by the trial judge or his office staff, by anyone from the clerk’s office, or by anyone from the state attorney’s office, that the trial date was specifically set for January 9, 1997. At the hearing on the motion for discharge, no evidence was presented to rebut defense counsel’s sworn statement. The trial court nevertheless denied the motion for discharge. Because of the lack of any evidence showing that Corrao or his counsel was given notice of trial, we are compelled to grant the petition for writ of prohibition, and Corrao is forever discharged from prosecution for the crimes charged in this case.
PETITION GRANTED.
*144 GRIFFIN and THOMPSON, JJ., concur.
GOSHORN, J., dissents, without opinion.